UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAVEH TALEIZADEH,                                                   **COMPLAINT**

                              Plaintiff,

              -against-

ELANT, INC., ELANT AT BRANDYWINE, INC., and
EXCELSIOR CARE GROUP LLC,

                              Defendants.
-----------------------------------------------------------------X

Plaintiff Kaveh Taleizadeh ("Plaintiff"), by his attorneys, Korder Law, for his complaint

against Defendants Elant, Inc., Elant at Brandywine, Inc., and Excelsior Care Group LLC

(collectively "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action against Defendants for unpaid overtime wages pursuant

to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law,

N.Y. Lab. Law §§ 190, *et seq.* ("NYLL"), unpaid regular wages pursuant to the NYLL, failure to

provide a wage notice pursuant to the NYLL, and failure to provide wage statements pursuant to

the NYLL.

## THE PARTIES

2.      Plaintiff is an individual residing at 790 Route 312, Apt. MH9, Brewster, NY

10509.

3.      Upon information and belief, Defendant Elant, Inc. is a New York corporation

with its principal place of business at 46 Harriman Drive, Goshen, NY 10924.

4.      Upon information and belief, Defendant Elant at Brandywine, Inc. is a New York

corporation with its principal place of business at 46 Harriman Drive, Goshen, NY 10924.

5.      Upon information and belief, Defendant Excelsior Care Group LLC is a New York limited liability company with its principal place of business at 1551 52nd Street, Brooklyn, NY 11219.

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over Plaintiff's claims pursuant to the FLSA.

7.      Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's claims pursuant to the NYLL.

8.      Pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c)(2), the Southern District of New York is the proper venue.

## FACTUAL ALLEGATIONS

### Defendants and Their Relationship to Each Other

9.      Upon information and belief, Defendant Elant, Inc. is a healthcare system that provides, *inter alia,* sub-acute care, rehabilitation services, skilled nursing care, assisted living, adult day care, retirement community living, and home health care at several campuses in the Hudson Valley Region of New York.

10.      Upon information and belief, Defendant Elant at Brandywine, Inc. is a subsidiary of Elant, Inc.

11.      Upon information and belief, Defendant Elant at Brandywine, Inc. previously owned and operated and/or currently owns and operates a healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510.

12.      Upon information and belief, the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 was previously one of Defendant Elant, Inc.'s several campuses.

2

13.     Upon information and belief, Defendant Excelsior Care Group LLC is a healthcare system that provides, *inter alia,* rehabilitation services and skilled nursing care at several campuses in the New York metropolitan area.

14.     Upon information and belief, at an unknown time in the recent past, Defendant Excelsior Care Group LLC acquired the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 from Elant, Inc.

15.     Upon information and belief, Defendant Excelsior Care Group LLC currently owns and operates the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 as "Briarcliff Manor Center for Rehabilitation & Nursing Care."

16.     During Plaintiff's employment, a rebranding of the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 from "Elant at Brandywine" to "Briarcliff Manor Center for Rehabilitation & Nursing Care" occurred.

17.     Plaintiff is not privy to the timing of the acquisition, the terms of the acquisition, nor the current legal relationship between Defendants.

18.     Upon information and belief, each of Defendants has at least 2 employees.

**Plaintiff's Employment**

19.     Plaintiff was employed at the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 from around May 1, 2015 to around April 8, 2019.

20.     Throughout Plaintiff's employment, "Elant at Brandywine, Inc." was printed on his pay stubs.

21.     From the beginning of his employment to around May 1, 2017, Plaintiff's job title was Medicaid and Financial Coordinator.

22.     On or around May 1, 2017, Plaintiff was promoted from Medicaid and Financial Coordinator to Concierge.

23.     From around May 1, 2017 to the end of his employment, Plaintiff's job title was Concierge.[1]

24.     Plaintiff's job duties included providing companionship and emotional support to residents, being a liaison between residents and staff concerning residents' needs, following up with residents to ensure that their needs were met, assisting staff with non-nursing duties, and welcoming new residents to the facility during admission.

25.     Plaintiff's daily tasks included providing tours of the facility to prospective residents, greeting new residents and escorting them to their rooms, interacting with residents and their families, respond to call bells, processing residents' complaints, coordinating room changes, and obtaining reviews from residents and their families.

26.     Plaintiff was required to check on all short-term residents daily and submit reports on them at the end of each day.

27.     Plaintiff worked 5 days per week—Monday, Tuesday, Friday, Saturday, and Sunday.

28.     Plaintiff's "official" hours were 11:00 a.m. to 7:00 p.m.

29.     Plaintiff used a biometric time clock to clock in and out each day.

30.     Upon information and belief, Defendants kept records of the times that Plaintiff clocked in and clocked out each day.

31.     Plaintiff could not predict nor control residents' needs or how long it would take to respond to them each day, and his daily tasks did not naturally end at 7:00 p.m.

32.     Plaintiff actually worked later than 7:00 p.m. practically every day.

---

[1] The factual allegations in paragraphs 24 to 48 below concern the period after Plaintiff was promoted to Concierge.

4

33.     Plaintiff clocked out, on average, around 9:00 p.m.[2]

34.     Plaintiff worked, on average, 50 hours per week (2 extra hours per day, 5 days per week) on the clock.[3]

35.     Plaintiff often had to complete his daily reports from a coffee shop after he clocked out because, if he did not leave the facility, he would be stuck responding to residents' needs (and therefore unable to complete his daily reports) indefinitely.

36.     Plaintiff was paid biweekly.

37.     Plaintiff was paid at the rate of $25.00 per hour.

38.     Although Plaintiff worked, on average, 50 hours per week, he was paid for only 37.5 hours per week (75 hours per biweekly pay period).

39.     Plaintiff was never paid for more than 37.5 hours per week, except for around 5 occasions on which he worked on paid holidays; on such occasions, Plaintiff was paid for an extra 7.5 hours.

40.     Plaintiff's wages purportedly covered 40 hours per week with a half-hour unpaid meal break each day.

41.     Plaintiff rarely actually took the half-hour unpaid meal break.

42.     Plaintiff was not required to clock out before or clock in after the purported half-hour unpaid meal break.

43.     When Plaintiff was promoted to Concierge, he did not receive a written job description but was told orally that he would be responsible for checking and submitting daily reports on only the short-term residents.

---

[2] This time is an estimate based on the information currently available to Plaintiff and is subject to revision based on discovery.

[3] These amounts are an estimate based on the information currently available to Plaintiff and are subject to revision based on discovery.

44.     On or around February 14, 2019, Plaintiff received a performance evaluation, in which he was criticized for, *inter alia,* not also checking and submitting daily reports on long-term residents, which had never been one of his job duties, and put on a performance improvement plan.

45.     On or around February 14, 2019, Plaintiff received a written job description, which included checking and submitting reports on long-term residents as one of his job duties, for the first time.

46.     On or around March 11, 2019, Plaintiff resigned because of the stress of working, on average, 10 extra unpaid hours per week combined with the imposition of additional job duties (which would require him to work additional extra unpaid hours) in the performance evaluation and written job description.

47.     Upon information and belief, Defendants knew or showed reckless disregard for the fact that Plaintiff frequently worked more than 40 hours per week, where the number of hours that Plaintiff worked was recorded by the biometric time clock.

48.     Upon information and belief, Defendants knew or showed reckless disregard for the fact that they were required to pay Plaintiff at least one-and-one-half times his regular rate for each hour of work in excess of 40 per week pursuant to the FLSA and NYLL.

**Defendant Elant, Inc.'s Liability as a Joint Employer**

49.     Upon information and belief, Defendant Elant, Inc., as the parent of Defendant Elant at Brandywine, Inc., had the power to hire and fire Plaintiff.

50.     Upon information and belief, Defendant Elant, Inc., as the parent of Defendant Elant at Brandywine, Inc., supervised and controlled Plaintiff's work schedules or and conditions of employment.

51.     Upon information and belief, Defendant Elant, Inc., as the parent of Defendant Elant at Brandywine, Inc., determined Plaintiff's rate and method of payment.

52.     Upon information and belief, Defendant Elant, Inc., as the parent of Defendant Elant at Brandywine, Inc., maintained Plaintiff's employment records.

## Defendant Excelsior Care Group LLC's Liability as a Joint Employer

53.     Upon information and belief, Defendant Excelsior Care Group LLC, insofar as it owned and operated the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 during Plaintiff's employment, had the power to hire and fire Plaintiff.

54.     Upon information and belief, Defendant Excelsior Care Group LLC, insofar as it owned and operated the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 during Plaintiff's employment, supervised and controlled Plaintiff's work schedules or and conditions of employment.

55.     Upon information and belief, Defendant Excelsior Care Group LLC, insofar as it owned and operated the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 during Plaintiff's employment, determined Plaintiff's rate and method of payment.

56.     Upon information and belief, Defendant Excelsior Care Group LLC, insofar as it owned and operated the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 during Plaintiff's employment, maintained Plaintiff's employment records.

## Defendant Excelsior Care Group LLC's Successor Liability

57.     Upon information and belief, Defendant Excelsior Care Group LLC had notice of the number of hours that Plaintiff worked and Defendant Elant, Inc.'s and Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff in accordance with the FLSA and NYLL through, *inter alia,* Plaintiff's time and payroll records and Defendant Excelsior Care Group LLC's due

diligence prior to acquiring the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510.

58.     Upon information and belief, Defendant Elant, Inc. and Defendant Elant at Brandywine, Inc., as predecessors to Defendant Excelsior Care Group LLC, had equal or greater ability to provide relief to Plaintiff before Excelsior Care Group LLC's acquisition of the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510.

59.     Upon information and belief, there has been a substantial continuity of business operations at the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 before and after Excelsior Care Group LLC's acquisition thereof.

60.     Upon information and belief, Excelsior Care Group LLC uses the same healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 that Defendant Elant, Inc. and Defendant Elant at Brandywine, Inc. used before Excelsior Care Group LLC's acquisition thereof.

61.     Upon information and belief, Excelsior Care Group LLC uses the same or substantially the same work force that Defendant Elant, Inc. and Defendant Elant at Brandywine, Inc. used before Excelsior Care Group LLC's acquisition of the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510.

62.     Upon information and belief, Excelsior Care Group LLC uses the same or substantially the same supervisory personnel that Defendant Elant, Inc. and Defendant Elant at Brandywine, Inc. used before Excelsior Care Group LLC's acquisition of the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510.

63.     Upon information and belief, the same jobs existed under substantially the same working conditions at the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510 before and after Excelsior Care Group LLC's acquisition thereof.

64.     Upon information and belief, Excelsior Care Group LLC uses the same or substantially the same equipment that Defendant Elant, Inc. and Defendant Elant at Brandywine, Inc. used before Excelsior Care Group LLC's acquisition of the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510.

65.     Upon information and belief, Excelsior Care Group LLC provides the same or substantially the same services that Defendant Elant, Inc. and Defendant Elant at Brandywine, Inc. provided before Excelsior Care Group LLC's acquisition of the healthcare facility at 620 Sleepy Hollow Road, Briarcliff Manor, NY 10510.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages Pursuant to the FLSA

66.     All preceding paragraphs are incorporated herein by reference.

67.     Plaintiff is an "employee" as defined in 29 U.S.C. § 203(e).

68.     Each of Defendants is an "employer" as defined in 29 U.S.C. § 203(d).

69.     Each of Defendants is an "enterprise engaged in commerce or the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(B) and used in 29 U.S.C. § 207(a) insofar as each of Defendants is an "enterprise that . . . is engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution."

70.     Pursuant to 29 U.S.C. § 207(a)(1), Defendants were required to pay Plaintiff at least one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

71.     Defendants failed to pay Plaintiff one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

72.     Plaintiff's regular rate was $25.00 per hour.

73.     Accordingly, Defendants were required to pay Plaintiff at least $37.50—i.e., one-and-one-half times $25.00—for each hour of work in excess of 40 per week.

74.     Defendants' failure to pay Plaintiff one-and-one-half times his regular rate for each hour of work in excess of 40 per week, in violation of the FLSA, was "willful," as used in 29 U.S.C. § 255(a).

75.     Because of their failure to pay Plaintiff the required overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for the unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs.

76.     Upon information and belief, Defendant Elant, Inc. is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the required overtime wages as a joint employer.

77.     Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the required overtime wages as a joint employer.

78.     Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the required overtime wages through successor liability.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages Pursuant to the NYLL**

79.     All preceding paragraphs are incorporated herein by reference.

80.     Plaintiff is an "employee" as defined in N.Y. Lab. Law § 651(5).

81.     Each of Defendants is an "employer" as defined in N.Y. Lab. Law § 651(6).

82.     Pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, Defendants were required to pay Plaintiff at least one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

83.     Defendants failed to pay Plaintiff one-and-one-half times his regular rate for each hour of work in excess of 40 per week.

84.     Plaintiff's regular rate was $25.00 per hour.

85.     Accordingly, Defendants were required to pay Plaintiff at least $37.50—i.e., one-and-one-half times $25.00—for each hour of work in excess of 40 per week.

86.     Because of their failure to pay Plaintiff the required overtime wages, pursuant to N.Y. Lab. Law § 663(1), Defendants are liable to Plaintiff for the unpaid overtime wages, an equal amount in liquidated damages, prejudgment interest, and attorney's fees.

87.     Upon information and belief, Defendant Elant, Inc. is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the required overtime wages as a joint employer.

88.     Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the required overtime wages as a joint employer.

89.     Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the required overtime wages through successor liability.

### THIRD CAUSE OF ACTION
### Unpaid Regular Wages Pursuant to the NYLL

90.     All preceding paragraphs are incorporated herein by reference.

91.     Plaintiff is an "employee" as defined in N.Y. Lab. Law § 190(2).

92.     Plaintiff is a "clerical and other worker" as defined in N.Y. Lab. Law § 190(7).

11

93.     Each of Defendants is an "employer" as defined in N.Y. Lab. Law § 190(3).

94.     The regular wages that Plaintiff earned for the hours between 37.5 and 40 per week are "wages" as defined in N.Y. Lab. Law § 190(1).

95.     Pursuant to N.Y. Lab. Law § 191(1)(d), Defendants were required to pay Plaintiff "the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

96.     Defendants failed to pay Plaintiff at his regular rate for the hours between 37.5 and 40 per week.

97.     Plaintiff's regular rate was $25.00 per hour.

98.     Accordingly, Defendants were required to pay Plaintiff at least $25.00 per hour for each hour of work between 37.5 and 40 per week.

99.     Pursuant to N.Y. Lab. Law § 198(3), Plaintiff is entitled to recover all wages and liquidated damages accrued within six years before the commencement of this action.

100.    Because of their failure to pay Plaintiff the regular wages that he earned for the hours between 37.5 and 40 per week, pursuant to N.Y. Lab. Law § 198(1-a), Defendants are liable to Plaintiff for the unpaid regular wages, an equal amount in liquidated damages, prejudgment interest, and attorneys' fees.

101.    Upon information and belief, Defendant Elant, Inc. is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the regular wages that he earned for the hours between 37.5 and 40 per week as a joint employer.

102.    Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the regular wages that he earned for the hours between 37.5 and 40 per week as a joint employer.

103.    Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to pay Plaintiff the regular wages that he earned for the hours between 37.5 and 40 per week through successor liability.

### FOURTH CAUSE OF ACTION
### Failure to Provide Wage Notice Pursuant to the NYLL

104.    All preceding paragraphs are incorporated herein by reference.

105.    Pursuant to N.Y. Lab. Law § 195(1), Defendants were required to provide Plaintiff, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, the regular pay day designated by the employer, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer.

106.    Defendants failed to provide the required wage notice.

107.    Because of their failure to provide the required wage notice, pursuant to N.Y. Lab. Law § 198(1-b), Defendants are liable to Plaintiff for damages of $50.00 for each work day that the violations occurred or continue to occur up to a maximum of $5,000.00.  In this case, because Defendants failed to provide the required wage notice for more than 100 work days, they are liable to Plaintiff for damages of $5,000.00.

108.    Upon information and belief, Defendant Elant, Inc. is liable for Defendant Elant at Brandywine, Inc.'s failure to provide the required wage notice as a joint employer.

109.    Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to provide the required wage notice as a joint employer.

110.    Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to provide the required wage notice through successor liability.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Wage Statements Pursuant to the NYLL**

111.    All preceding paragraphs are incorporated herein by reference.

112.    Pursuant to N.Y. Lab. Law § 195(3), Defendants were required to provide Plaintiff with a statement with each payment of wages listing the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, gross wages, deductions, net wages, regular hourly rate or rates of pay, overtime rate or rates of pay, number of regular hours worked, and number of overtime hours worked.

113.    Defendants failed to provide the required wage statements.

114.    The pay stubs that Defendants provided to Plaintiff with each payment of hourly wages did not list the overtime rate or rates of pay or the number of overtime hours worked.

115.    Because of their failure to provide the required wage statements, pursuant to N.Y. Lab. Law § 198(1-d) Defendants are liable to Plaintiff for damages $250.00 for each work day that the violations occurred or continue to occur up to a maximum of $5,000.00.  In this case, because Defendants failed to provide the required wage statements for more than 20 work days, they are liable to Plaintiff for damages of $5,000.00.

116.    Upon information and belief, Defendant Elant, Inc. is liable for Defendant Elant at Brandywine, Inc.'s failure to provide the required wage statements as a joint employer.

117.    Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to provide the required wage statements as a joint employer.

118.    Upon information and belief, Defendant Excelsior Care Group LLC is liable for Defendant Elant at Brandywine, Inc.'s failure to provide the required wage statements through successor liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants as follows:

A.    Awarding Plaintiff damages, in an amount to be determined at trial, for unpaid overtime wages pursuant to the FLSA and/or NYLL;

B.    Awarding Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime wages pursuant to the FLSA and/or NYLL;

C.    Awarding Plaintiff damages, in an amount to be determined at trial, for unpaid regular wages pursuant to the NYLL;

D.    Awarding Plaintiff liquidated damages in an amount equal to the amount of unpaid regular wages pursuant to the NYLL;

E.    Awarding Plaintiff damages of 5,000.00 for Defendants' failure to provide a wage notice pursuant to the NYLL;

F.    Awarding Plaintiff damages of $5,000.00 for Defendants' failure to provide wage statements pursuant to the NYLL;

G.    Awarding Plaintiff attorney's fees and costs pursuant to the FLSA, NYLL, 28 U.S.C. § 1920, and/or Fed. R. Civ. P. 54(d);

H.     Awarding Plaintiff prejudgment interest pursuant to N.Y. CPLR 5004 and N.Y.

Lab. Law §§ 198(1-a), 663(1);

I.     Awarding Plaintiff postjudgment interest pursuant to 28 U.S.C. § 1961; and

J.     Granting such other relief as this Court deems just.


Dated:  New York, New York
        August 27, 2019

                                        KORDER LAW

                                        By:     _____

                                                Jacob Korder (JK6283)
                                                Attorneys for Plaintiff
                                                470 Park Avenue South
                                                3rd Floor North
                                                New York, NY 10016
                                                (646) 762-7265
                                                jkorder@korderlaw.com

                                        RAFF & BECKER LLP

                                        By:     /s/ Susan E. Salazar[4]
                                                _____
                                                Susan E. Salazar (SS7269)
                                                Attorneys for Plaintiff
                                                Of Counsel to Korder Law
                                                470 Park Avenue South
                                                3rd Floor North
                                                New York, NY 10016
                                                (212) 732-5400
                                                salazars@raffbecker.com

---

[4] Pursuant to section 8.5 of the ECF Rules and Instructions, it is hereby represented that Susan E. Salazar consents to the signing and filing of this document on her behalf.